Cozzi v. N.Y. State Workers' Comp. Bd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-one.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges*.

-----------------------------------------------------------------

GUY COZZI,

     *Plaintiff-Appellant*,

          v.                                          No. 21-812-cv

NEW YORK STATE WORKERS' COMPENSATION BOARD, THE AMERICAN STOCK EXCHANGE, PACIFIC INDEMNITY COMPANY, THE FOLLOWING LIST STATED IN APPENDIX 1, PAGE 10 OF 55, NAMES THE PARENT COMPANIES, SUBSIDIARIES AND AFFILIATES OF PACIFIC INDEMNITY COMPANY, FISCHER BROTHERS, ESQ., THE CHUBB CORPORATION, CHUBB INSURANCE COMPANIES,

*Defendants-Appellees*.

----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Guy Cozzi, *pro se*, Greenwich, CT

FOR DEFENDANTS-APPELLEES: No appearances.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Louis L. Stanton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Guy Cozzi, proceeding pro se, appeals from the March 5, 2021 judgment of

the United States District Court for the Southern District of New York (Stanton,

J.), which dismissed his complaint seeking reversal of New York state-court

2

decisions relating to his claims for workers' compensation. The District Court dismissed Cozzi's claims sua sponte for lack of subject matter jurisdiction because his claims were barred by the Rooker-Feldman doctrine. We review de novo the District Court's application of the Rooker-Feldman doctrine. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

This case arises from Cozzi's claim for employee cleanup benefits, filed in 2014 with the New York State Workers' Compensation Board ("WCB"), for injuries Cozzi allegedly sustained following the terrorist attacks on September 11, 2001. Cozzi claimed that he was exposed to toxic debris and dust while participating as a volunteer during the subsequent cleanup and recovery efforts and while working in his office building located near Ground Zero in downtown Manhattan. The District Court fully set out the procedural history relating to Cozzi's 2014 claim before the WCB, as well as the decision of the Appellate Division to affirm the agency's rejection of the claim on the ground that it was not arbitrary, capricious, or an abuse of discretion. See Cozzi v. American Stock

Exch., 49 N.Y.S.3d 316 (3d Dep't 2017), appeal dismissed, 30 N.Y.3d 937 (N.Y. 2017).

Cozzi sought to reopen his case with the WCB in 2017, but the agency denied his petition for lack of jurisdiction. Cozzi appealed, and the Appellate Division again affirmed, this time concluding that the WCB did not abuse its discretion when it determined that it lacked jurisdiction to reopen Cozzi's case. See Cozzi v. American Stock Exch., 99 N.Y.S.3d 142 (3d Dep't 2019), appeal dismissed, 33 N.Y.3d 1129 (N.Y. 2019), cert. denied, 140 S. Ct. 971 (2020). In 2018, Cozzi sought to file another volunteer recovery claim with the WCB, which concluded that Cozzi was attempting to relitigate a previously denied claim and took no action. Cozzi apparently did not challenge in state court the WCB's decision not to act on this claim.

Before the District Court, Cozzi attacked the WCB's 2014 dismissal of his claim, the WCB's refusal to entertain his 2018 volunteer recovery claim, and the Appellate Division's two final, adverse judgments affirming the WCB's denial of his applications to reconsider and reopen his case. Under the Rooker-Feldman doctrine, district courts lack jurisdiction over "cases brought by state-court losers

4

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). Here, as noted, Cozzi claimed that he was injured by the Appellate Division's two final, adverse judgments affirming the WCB's decisions against him, he expressly invited the District Court to reject both judgments, and both judgments were entered before Cozzi commenced suit in federal court. Accordingly, we agree with the District Court that the Rooker-Feldman doctrine deprived it of subject matter jurisdiction to consider Cozzi's challenge to those state-court judgments.[1]

To the extent that Cozzi's claims directly complain of injuries caused by

---

[1] Cozzi also argues that the Rooker-Feldman doctrine is unconstitutional because, given the small number of cases the Supreme Court can review on certiorari, it effectively deprives the vast majority of state-court civil litigants of any recourse in the federal courts where they allege that a state court has violated their federal constitutional rights. As Cozzi acknowledged at oral argument, however, we have no authority to determine the validity of Supreme Court precedent, and so we limit our analysis to the application of the doctrine to the instant case.

5

decisions of the WCB, a state administrative agency, it is not clear that the Rooker-Feldman doctrine barred the District Court's review of those claims. We have held that state administrative decisions unreviewed by state courts are not protected by that doctrine, see Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004), but we have not considered in a precedential opinion whether the same is true of state administrative decisions that state courts have already reviewed.

We need not decide that question in the instant case, however, because claim preclusion barred the District Court from considering Cozzi's challenges to the WCB's decisions. Under New York law, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Simmons v. Trans Express Inc., 37 N.Y.3d 107, 111 (N.Y. 2021) (emphasis omitted). The operative facts underlying Cozzi's federal claims are identical to those underlying the benefit claims presented to the WCB. Those benefit claims were litigated to finality, with the exception of his 2018 volunteer recovery claim. And it does not matter for purposes of claim preclusion that no court has ever reviewed the WCB's decision (or lack thereof)

6

regarding the latter claim, because it arises out of the same transaction as the claims that were litigated to finality: Cozzi's contribution to the clean-up efforts in the aftermath of the September 11 attacks. See Smith v. Russell Sage Coll., 54 N.Y.2d 185, 192–93 (N.Y. 1981) ("What factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (quotation marks omitted)). Accordingly, Cozzi cannot relitigate claims arising from the same facts in federal court.

We have considered Cozzi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court